**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| Benjamin Williams, ) | |
| ) | |
| Plaintiff, ) | 19 C 4050 |
| ) | |
| v. ) | Judge Sara L. Ellis |
| ) | |
| Thomas Dart, John Mueller, Michael Tylor, ) | |
| Melissa Mitchell, Shekena Miller, Gary Lewanski, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Now come Defendants, Thomas Dart, John Mueller, Michael Tylor, Melissa Mitchell, Shekena Miller, and Gary Lewanski, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Alexander Preber, and answers Plaintiff's Second Amended Complaint as follows:

**STATEMENT OF CLAIM**

1. On 3-7-2019, I stated to Ms. Mitchell, we do not have mattress this cotton we are sleeping on is wet and smell. Until she state our mattress have been order "you will get one"

   **ANSWER: Defendants deny the allegations in paragraph 1.**

2. On 3-24 I stated to Mr. Michael Tylor you have been telling me that you are going to get a mattress. You no these cotton I am sleeping on smell like urine and is wet and Tylor stated you will be on mattress have been order you will get one Mr. Williams stated you have been saying this from, 4-1-2018 what is today Mr. Tylor stated you will be OK.

   **ANSWER: Defendants deny the allegations in paragraph 2.**

1

3. On 4-1-2019 Mr. Williams stated to Mr. Tylor my back is killing me on this cotton. It smell like urine and is wet filthy Mr. Tylor states you will live Mr. Williams.

**ANSWER: Defendants deny the allegation in paragraph 3.**

4. On 4-17-2019 I stated to Mr. Tylor can I get a mattress and this cotton is killing my back an is wet and smell like urine Mr. Tylor stated OK Mr. Williams mattress have been order you grievance I have told my supervisor and you have told him two time you will get one.

**ANSWER: Defendants deny the allegations in paragraph 4.**

5. On 5-9-11 I stated to MrTylor we we have no mattress we are sleeping on cotton that is wet with urine in is out on Tylor stated you will live.

**ANSWER: Defendants deny the allegation in paragraph 5.**

6. On 5-17 2019 I stated to Mr Tylor we have no mattress and is sleeping on cotton thi is a eighth amendment violation and 701 80 CFR we are you have to have mattress not wet urine cotton Mr. Tlyor stated you will live.

**ANSWER: Defendants deny the allegation in paragraph 6.**

7. On 5-23-2019 I stated to Mr Tylor did the mattress come Mr. Tylor stated no you will get one I stated you do not sleeping on wet cotton that a man urine on do you he stated you will live and do not come to jail you no how we do.

**ANSWER: Defendants deny the allegation in paragraph 7.**

8. On 6-5-2019 Mr Tylor stated you need to step doing grievance nothing is going to happen. You will get a mattress Mr Williams matrress have been order.

**ANSWER: Defendants deny the allegation in paragraph 8.**

9. On 6-5-2019 I stated to CRW Tylor that pretrial detainees citizen do not have mattress we are sleeping on cotton it is wet with urine and is dirty this cotton is constantly. ordered around on the floor as each pretrial detainees move around the floor as each pretrial detainees move threw out, The compound collective dust dirt and other forms of bacteria that can't be removed from cotton. This cotton is uncovered. This have been going on for years to pretrial detainees Mr. Michael Tylor stated what do you want me to do Mr. Williams Mr. Wiliams stated get me a mattress Mr. Tylor stated OK for the 100 time mattress have been order you will get one.

**ANSWER: Defendants deny the allegations in paragraph 9.**

10. On 6-11-2019 I stated to CRW Lewanski that 3D was moved to 1D I ask for the camera to be save we had to drag this one little piece of cotton on camera on the filthy floor which contained blood from fight that occurred on 6-3-2019 The floor was never sanitized by no one at CCDOC jail and this cotton is not a mattress I can not sanitized cotton that is wet with urine Mr. Lewanski stated you are and jail what do you want I stated OK.

**ANSWER: Defendants admit that Plaintiff was transferred on June 7, 2019, from Div. 9-3D to Div. 9-1D. Defendants deny the remaining allegations in paragraph 10.**

11. On 6-12-2019 CRW Lewanski stated I determined not to submission you

grievance stop putting grievance and but I did tell my supervisor for you.

**ANSWER: Defendants deny the allegations in paragraph 11.**

12. On 7-21-2019 I stated to Shekena Miller that we do not have mattress and sleeping on wet urine cotton Ms Miller stated I am going to let my supervisor no Mr Williams But I can not submission this to my supervisor it is repeat submission I stated OK Ms. Miller thank you.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and accordingly deny them.**

13. On 7-30-2019 I stated to Ms Miller that on 7-29-2019 CCSO EAT come on the tier with a dog I will live the camera and BWC camera save this dog was on are sheets blankets and cotton a we have to sleeping on this Ms Miller stated I will let them no you all need sheets blankets change and you no Mr Willaimas mattress have been order. I told my supervisor you need one.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and accordingly deny them.**

14. On 8-1-2019 I stated to Shekena Miller that we are sleeping on this sheets blankets and cotton that is wet that EAT BCW was on so save camera and BCW camera that a "dog" was on Ms Miller stated OK Mr. Williams I submission your grievance I stated thank you Ms M we need more correctional rehabilitation worker like you.

**ANSWER: Defendants admit that Plaintiff submitted a grievance regarding a dog**

4

> on his bedding on July 30, 2019. Defendants deny the remaining allegations in paragraph 14.

15. On 8-23-20198 I was grievance a determined from Mr Director John Mueller that my allege was unable to substantiate my alleagtions on the dog being on are sheets blankets and cotton.

> **ANSWER: Defendants admit that John Mueller denied Plaintiff's appeal on August 9, 2019, to his grievance regarding a dog on his sheets due to Plaintiff's inability to substantiate his claim.**

16. On 9-26 2021 I stated to mr Lewanski can I have a mattress that have a soiled covered I can not disinfected this cotton Mr Lewanski stated we no Mr Williams mattress are coming.

> **ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and accordingly deny them.**

17. On 11-25-2019 for Division 9 pretrial detainees of the Cook County jail on camera was giving new mattress.

> **ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and accordingly deny them.**

18. On 12-16-19 L, Hampton, received signature my grievance in signature it….

> **ANSWER: This allegation does not clarify which grievance the Plaintiff is referring**

**to. Therefore, Defendants cannot formulate an answer, and deny the allegation in paragraph 17.**

19. On 2-4-2020 I was bit by a cockroach and refusal medical care.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and accordingly deny them.**

20. On 2-5-2020 I was bit by a cockroach and refusal medical care.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and accordingly deny them.**

21. On 2-5-2020 I stated to CRW Lewanski that I was bit by a cockroach and I am been refusal medical care Mr Lewanski stated I'm not medical you no I have no power over medical I stated can you tell them I need to see them Mr Lewanski stated I have no power medical Mr Williams.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and accordingly deny them.**

22. On 2-10-2020 I put a grievance to CRW Rupert I stated I have been refusal medical care Ms. Rupert stated I will tell them".

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and accordingly deny them.**

23. On 2-10-2020 I was seen later and the day by medical and refusal medical care and was told you will live.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and accordingly deny them.**

24. On 4-23-2020 I put and a grievance and to Mr Rupert stated I/we have cockroaches on the tier and my cell.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and accordingly deny them.**

25. On 11-9-2020 I put a grievance and to Ms Mitchell stated I have cockroaches baby cockroaches and my cell and the bed with we are living in like this and COVID 19 is living with us to"

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and accordingly deny them.**

26. The facts that briefly describe the condition I challenge all defendants failed a sanitary environment is a basic human need that a penal institution must "provide for all pretrial detainees" The eighth amendment redress adequate arrangements for cleaning…..

**ANSWER: Defendants deny the allegations in paragraph 26.**

27. Defendants Thomas J. Dart, John Mueller, Lester Hampton, are all supervisor of CCDOC CCSO Div 9 Max and are deliberately indifferent for fail to provide absolute staff or

qualified staff"

**ANSWER: Defendants deny the allegation in paragraph 27.**

28. All defendants fail to remedy unlawful conditions that they know about, or if they otherwise fail to carry out their response belittles to move adequate staff available for sanitiation log/safety inspection.

**ANSWER: Defendants deny the allegations in paragraph 28.**

29. But for months and possibly years noting was done" which threatens the physical and mental well being of pretrial detainees.

**ANSWER: Defendants deny the allegation in paragraph 29.**

## Relief

Jury demand/ monetary compensation for violating my constitutional rights to be determined by a jury.

**ANSWER: Defendants make no answer to this paragraph because it is a prayer for relief not an allegation to which an answer is required.**

## Affirmative Defenses

Pleading in the alternative, and without prejudice to the denials in their Answer, Defendants assert the following separate Affirmative Defenses to Plaintiff's Amended Complaint.

### I.
### Qualified Immunity

8

1. Defendants' conduct was at all times objectionably reasonable and did not violate any of Plaintiff's Clearly established Constitutional rights, accordingly, Defendants are entitled to the defense of qualified immunity.

## II.
## 42 U.S.C. §1997e(a)

2. Under Section 1997e(a) of the Prisoner Litigation Reform Act (PLRA), Plaintiff must exhaust his administrative remedies before filing Section 1983 lawsuit for damages.

3. Plaintiff has not exhausted his administrative remedies.

## III.
## Failure to Mitigate

4. Without waving their denials to Plaintiff's allegations and to the extent Plaintiff claims any damages against Defendants, the claims are barred to the extent Plaintiff failed to act reasonably to mitigate his damages.

5. To the extent Plaintiff has failed to mitigate his damages, any award of damages may be reduced by the amount by reason of said failure to mitigate.

## IV.
## 42 U.S.C. §1997e(e)

6. Plaintiff has requested compensatory damages but did not say whether that included mental distress.

7. Section 1997e(e) of the PLRA provides:

    No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

8. Plaintiff cannot show physical injury and, as a result, under Section 1997e(e) of the PLRA, cannot seek damages for any alleged mental distress.

## V.
## Immunity from Punitive Damages

9. To the extent Plaintiff seeks punitive damages from Defendants in their official capacities, the Defendants assert immunity from same.

10. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir 2007).

11. Second, a municipality is immune from punitive damages under 42 U.S.C. §1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

12. Thus, the Defendants are immune from punitive damages in his official capacity.

Defendants reserve the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## **Jury Demand**

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demands a jury trial.

Respectfully Submitted,<br>
KIMBERLY M. FOXX<br>
State's Attorney of Cook County<br><br>

By: */s/ Alexander Preber*<br>
Alexander Preber<br>
Assistant State's Attorney<br>
500 Richard J. Daley Center<br>
Chicago, IL 60602<br>
(312) 603-3141<br>
Alexander.Preber@cookcountyil.gov

## **Certificate of Service**

      I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents, on or before March 9, 2022.

**By: /s/ Alexander Preber**
Alexander Preber
